IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JERRY DEWAYNE MERCER, | * | |
| | * | 4:05-cv-00009 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| INTERSTATE POWER AND LIGHT | * | |
| COMPANY, ALLIANT ENERGY | * | |
| CORPORATE SERVICES, INC., | * | |
| DEBORAH KNOEBL, DANIEL L. | * | |
| SIEGFRIED, DEBORAH NEYENS, | * | |
| VERLE W. NORRIS, JOHN D. LLOYD, | * | |
| GARY G. KIMES, PETER A. KELLER, | * | |
| ET AL., | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| Defendants. | * | |

Plaintiff, Jerry DeWayne Mercer ("Mercer"), filed his Complaint (Clerk's No. 1) on January 7, 2005, asserting that the Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. Of the nine named Defendants, only four have been served with process and these four individuals all have motions to dismiss presently before the Court.[1] Defendant, Verle W. Norris ("Norris"), filed his Motion to Dismiss (Clerk's No. 7) on January 31, 2005. Defendants, John D. Lloyd ("Judge Lloyd"), Gary G. Kimes ("Judge Kimes"), and Peter A. Keller ("Judge Keller"), (collectively "the Judges"), filed their Motion to Dismiss (Clerk's No. 15) on February 14, 2005. Both Norris' and the Judges' motions to dismiss argue that Plaintiff has failed to state a claim upon which relief may be granted. Also before the Court are two motions filed by the Plaintiff: 1) Motion for

---

[1] Notice of Dismissal for Lack of Service Deadline was set for May 9, 2005.

Default Judgment (Clerk's No. 11); and 2) Motion for Summary Judgment (Clerk's No. 17).[2] All motions presently before this Court are fully submitted.

## I.  BACKGROUND

The present litigation grew out of a dispute Mercer had with his employer, Alliant Energy. Mercer complained to his employer that wages were being wrongfully withheld from his paycheck. When the problem at work was not resolved, Mercer brought an action against Alliant Energy in Iowa State District Court for Clarke County to recover the wages he claimed had been wrongfully withheld. Alliant Energy filed a motion to dismiss the state petition, which was granted by the Iowa court. Mercer then filed a motion to set aside the order, which was denied.  Finally, Mercer filed a final motion for reconsideration, which was likewise denied by the Iowa district court.[3] Mercer never

---

[2] Plaintiff also filed a Motion to Dismiss the Defendants' Motions to Dismiss (Clerk's No. 19), which is not a valid motion. The Court instead will consider Plaintiff's "motion" as a resistance to Defendants' Motions to Dismiss.

[3] The Clarke County Court Calendar entries read:
11/03/04: Defendants' Motion to Dismiss is sustained on all grounds stated therein, in particular the petition fails to state a claim upon which relief can be granted and this court lacks subject matter jurisdiction to adjudicate claims related to the validity of federal income tax withholding.
-John D. Lloyd, Judge

11/16/04: Plaintiff's Motion to Set Aside Order is Denied. Plaintiff's Motion for Summary Judgment is moot.
-John D. Lloyd, Judge

11/23/04: The Orders of Judge Lloyd dated 11/3/04 and 11/16/04 are the final order of the court at the District Court Level. Those orders are hereby confirmed.
-Gary G. Kimes, Judge

12/2/04: Plaintiff's Motion for Reconsideration is denied. This case is over at the District Court level as previously ordered on 11/23/04. So ordered.
-Peter A. Keller, Judge

appealed the Iowa district court orders or took any further action at the state level. Instead, he brought the present § 1983 action in this Court against his employer's attorney and the state court judges involved with the state petition.

Plaintiff's Complaint claims that Defendants Norris, Judge Lloyd, Judge Kimes, and Judge Keller, under color of law, deprived Mercer of his constitutional rights provided under the Fifth and Fourteenth Amendments of the Constitution. In regards to Defendant Norris, Alliant Energy's attorney, Plaintiff claims that Norris, "intentionally misrepresented aforesaid fact, i.e. 'Plaintiff has been paid in full, and there is no balance due him' thereby perpetrating fraud on the court so as to prejudice and mislead the court into dismissing plaintiff's petition." Compl. at 7. According to Plaintiff's Complaint, the wrongdoing attributable to the Judges is that they, "ignored the . . . doctrine of the Supreme Court of the United States re my pleading as an unrepresented litigant by sustaining defendants' Motion to Dismiss and denying plaintiff's original petition, motion to set aside order, motion for summary judgment ex parte, and motion for reconsideration." Compl. at 7. Plaintiff further asserts that he stated a lawful claim in state court, which was supported by evidence such that he was "lawfully entitled to summary judgment against defendants, and Verle W. Norris, John D. Lloyd, Gary G. Kimes and Peter A. Keller are complicit in violating plaintiff's aforesaid constitutional rights, and each is liable in their personal capacity." Compl. at 8. In short, Plaintiff claims that Norris and the Judges conspired together to wrongfully dismiss Plaintiff's state claim depriving Plaintiff of his property in violation of the Fifth and Fourteenth Amendments.

Also relevant to the Court's inquiry into Defendants' Motions to Dismiss are the remedies that Plaintiff seeks pursuant to his federal claim. Plaintiff seeks the following relief:

>That a jury determine whether the ideals of substantive justice and fair play require that defendants compensate plaintiff for my performed labor in my occupation of common right inclusive of treble damages, costs, prejudment and post judgment to Jerry DeWayne Mercer. . . ;
>
>That a jury determine whether plaintiff was deprived of federally protected rights caused by any and all of the defendants warrants a jury's determination of damages together with the costs of bringing this action;
>
>That determination by the court that any of the defendants conspired to commit fraud warrants remand to other authority for inquiry into criminal charges.

Compl. at 12. In essence, Plaintiff asks this Court to: 1) declare that the state court wrongfully dismissed Mercer's state petition and award him both his lost wages and further damages; 2) declare that Norris and the Judges conspired together to put forth a "sham judgment" in state court, which warrants damages under § 1983; and 3) pursue criminal charges against the Defendants. Defendants argue that Plaintiff's Complaint fails to state a § 1983 claim upon which relief may be granted.

## II.  MOTION TO DISMISS UNDER RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a motion should be granted, the court is limited to an examination of the pleadings themselves and, "'[a] motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004) (quoting *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999) (internal quotations omitted). Additionally, the Court "must liberally construe [the] pro se complaint." *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) (citing *Haines v. Kermner*, 404 U.S. 519 (1972)); *see also Rodriguez v. Weprin,* 116 F.3d 62, 65 (2d Cir. 1997) ("Although 'less stringent standards'

apply where, as here, a litigant is pro se, *see Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam), dismissal is nevertheless appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957))). It follows, therefore, in considering the present motions to dismiss the Court must liberally construe Plaintiff's Complaint, assume that all factual allegations contained within the Complaint are true, and then apply those facts to the law to determine whether Plaintiff has stated a claim upon which relief may be granted.

### III. DISCUSSION

Plaintiff purports to state a claim pursuant to 42 U.S.C. § 1983. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. In order to state a claim under § 1983 a plaintiff must plead a "deprivation of rights secured by the Constitution and laws of the United States," which has taken place "'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." *Lugar v. Edmondson*, 457 U.S. 922, 924 (1982). The language "every person" does not include "'a State nor its officials

apply where, as here, a litigant is pro se, *see Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam), dismissal is nevertheless appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957))). It follows, therefore, in considering the present motions to dismiss the Court must liberally construe Plaintiff's Complaint, assume that all factual allegations contained within the Complaint are true, and then apply those facts to the law to determine whether Plaintiff has stated a claim upon which relief may be granted.

### III. DISCUSSION

Plaintiff purports to state a claim pursuant to 42 U.S.C. § 1983. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. In order to state a claim under § 1983 a plaintiff must plead a "deprivation of rights secured by the Constitution and laws of the United States," which has taken place "'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." *Lugar v. Edmondson*, 457 U.S. 922, 924 (1982). The language "every person" does not include "'a State nor its officials

acting in their official capacities.'" *Hafer v. Melo,* 502 U.S. 21, 26 (1991) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71(1989)).  State officials, however, may be sued in their individual capacities.  *See Hafer*, 502 U.S. at 23 ("State officials sued in their individual capacities are 'persons' for purposes of § 1983.").  If sued in their individual capacities, state officials may still assert "personal immunity defenses." *Id.* at 25 (citing *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985)).  In the present case, Plaintiff's Complaint indicates that all four Defendants are being sued in their individual capacities, therefore, all four are "persons" for purposes of § 1983.

Defendant Norris argues that Plaintiff's claim against him fails on the second requirement for pleading a § 1983 claim.  As an individual, Norris argues that even if the allegations by Plaintiff are true, he cannot be said to be acting under color of state law.  However, assuming that Plaintiff's allegations that Norris acted in concert with the Judges to wrongfully dismiss Plaintiff's state petition, Defendants' concerted effort would be an action under the color of state law.  In *Dennis v. Sparks,* 449 U.S. 24 (1980), the Supreme Court held that a lawyer acting in concert with judges to perpetrate fraud, may be held to acting "under color of state law."  In essence an individual, though not a state actor, can nonetheless be acting "under color of state law." *See Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005) (". . . it is clear that a private entity acts under color of state law when engaged with state officials in a conspiracy to deprive a person of federal constitutional rights.").  Accordingly, Plaintiff's claim against Norris may not be dismissed based on the mere fact that Norris is a private individual.

The Judges have asserted the common law doctrine of judicial immunity as a bar to Plaintiff's claim against them.  Judicial immunity provides judges and other judicial officers, in some cases,

absolute immunity from claims brought against them. At the core of this doctrine is the concept that "'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles,* 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Pursuant to this doctrine, "[j]udges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction.'" *Martin v. Hendren,* 127 F.3d 720 (8th Cir. 1997) (quoting *Duty v. Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994) (per curiam)). Since the allegations against the Judges in the present case were all taken pursuant to their roles and within their jurisdiction, Plaintiff may not pursue monetary damages from the Judges.

However, as the plain text of § 1983 indicates, actions may be brought against judicial officers for declaratory relief. ". . . except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[4] This is consistent with the purpose of § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). It follows,

---

[4] *See Pulliam v. Allen*, 466 U.S. 522, 542 (1984) ("We remain steadfast in our conclusion, nevertheless, that Congress intended § 1983 to be an independent protection for federal rights and find nothing to suggest that Congress intended to expand the common-law doctrine of judicial immunity to insulate state judges completely from federal collateral review."); *but see Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining the effect of the 1996 amendment to § 1983, which limited injunctive relief against judicial officers).

therefore, that judicial immunity by itself does not destroy Plaintiff's claim inasmuch as he is seeking declaratory relief pursuant to § 1983. The critical flaw, instead, in Plaintiff's Complaint is that he is improperly using § 1983 to indirectly appeal the Iowa state court decision.

"The Rooker-Feldman doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). Such authority lies exclusively in the United States Supreme Court. *Lemonds,* 222 F.3d at 492 (citing 28 U.S.C. § 1257; *D. C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983)). "Rooker-Feldman is based squarely on federal law and is concerned with federalism and the proper delineation of the power of the lower federal courts. Such courts are simply without authority to review most state court judgments. . . ." *Id.* at 495 (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); Suzanna Sherry, *Judicial Federalism in the Trenches: Rooker-Feldman Doctrine in Action*, 74 Notre Dame L. Rev. 1112-23 (1999). This doctrine precludes not only "straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.* at 492.

If a federal claim is "inextricably intertwined" with a state court judgment such that "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the doctrine is invoked and the federal court lacks subject matter jurisdiction over the matter. In the present case, Plaintiff's § 1983 claim is inextricably intertwined with the state court judgment. "A litigant cannot circumvent Rooker-Feldman by recasting his or her lawsuit as a 1983 action." *Bechtold v. Rosemount,* 104 F.3d 1062, 1065 (8th Cir. 1997) (citing *Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990)). The only way that this Court could provide relief to Plaintiff, if his allegations have any

merit, would be to effectively overrule the state court decision, which this Court is without authority to do. A look at the remedies that Plaintiff seeks highlights this fact. Plaintiff asks that this Court find that his wages were wrongfully withheld from his paycheck, which is exactly the same issue that was before the Iowa state district court. The relief that Plaintiff seeks from this Court would effectively reverse the Iowa state court's decision. *See Lemonds* at 493 (noting that the relief sought by the federal plaintiff "would, as a practical matter, directly nullify the final judgment of the state district court . . . . This fact alone may be sufficient to decide the case."); *see also Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508 (8th Cir. 1999) ("When the goal of the federal action is to nullify a state judgment, it is barred.") (citations omitted).

The situation would be different if the Plaintiff had appealed the Iowa district court decision and the Iowa state appellate court had uncovered any wrongdoing by the district court. As demonstrated in the Supreme Court's decision in *Sparks,* where the federal litigant was seeking § 1983 damages resulting from an injunction that had been issued against him by Texas State District Court. *Sparks,* 449 U.S. at 31-32. However, in *Sparks*, the fraud underlying the injunction was uncovered by the state appellate court. *See id.* at 25 ("In June 1975, the injunction was dissolved by an appellate court as having been illegally issued."). In the present case, there is no such finding by any Iowa state court. All that is before this Court is the Iowa District Court for Clarke County decision. While Mercer filed two motions for reconsideration of the Clarke County Court's decision, he did not file a direct appeal to the state appellate court. Plaintiff instead claims that the Iowa judgment is invalid and not supported by evidence. Plaintiff's accusations of fraud and "sham judgments" cannot be explored without impermissibly delving into the state-court decision. "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring). Consequently, this court is without subject matter jurisdiction to examine Plaintiff's § 1983 claim and, therefore, Defendants' Motions to Dismiss for Failure to State a Claim Upon Which Relief may be Granted is GRANTED.

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's § 1983 claim is inextricably intertwined with his earlier-filed Iowa state petition, and this Court is without subject matter jurisdiction to review the Clarke County Court Judgment. Accordingly, for the reasons stated herein, Defendants' motions to dismiss (Clerk's No. 7 & 15) are GRANTED. Plaintiff's Motion for Default Judgment (Clerk's No. 11), Motion for Summary Judgment (Clerk's No. 17) and "Motion" to Dismiss Defendants' Motions to Dismiss (Clerk's No. 19) are all DENIED.[5] The Plaintiff's Complaint is hereby DISMISSED.

IT IS SO ORDERED.

Dated this ___26th___ day of May, 2005.

_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE

---

[5] In regards to Plaintiff's Motion for Default Judgment, though Plaintiff names various Defendants in his Complaint, he has only served process upon the four defendants who have pending motions to dismiss before the Court. Because Interstate Power and Light Company, Alliant Energy Corporate Services, Inc. Deborah Knoebl, Daniel L. Siegfried, and Deborah Neyens, have not been served, a default judgment cannot be entered against them.